UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUMNER PLAINS 84, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>SPECIALIZED PAVEMENT MARKING, INC.,<br><br>                Defendant. | CASE NO. C18-5721 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Sumner Plains 84, LLC's ("Sumner Plains") motion for partial summary judgment. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

In August 2007, Sumner Plains entered into a landlord-tenant agreement with Defendant Specialized Pavement Marking, Inc. ("Specialized") with an initial term of five years. Dkt. 16-1 at 2–15. On October 23, 2012, the parties entered into an amendment extending the term of the lease for another sixty-two months. *Id.* at 17–18. In December 2017, Specialized vacated the premises.

On August 1, 2018, Sumner Plains filed a complaint against Specialized in Pierce County Superior Court for the State of Washington. Dkt. 1-1. Sumner Plains asserts five claims against Specialized, including a breach of contract claim based on allegations that Specialized left the premises in disrepair that required extensive cleaning before the property could be rented to another tenant. *Id.* ¶¶ 3.1–3.5. On September 4, 2018, Specialized removed the matter to this Court. Dkt. 1.

On February 14, 2019, Sumner Plains filed a motion for partial summary judgment. Dkt. 14. On April 8, 2019, Specialized responded and moved to strike some of Sumner Plains's evidence. Dkt. 19. On April 12, 2019, Sumner Plains replied and submitted additional evidence. Dkts. 24–29. On April 16, 2019, Specialized filed a surreply moving to strike the additional evidence. Dkt. 31.[1]

## II. DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

---

[1] The Court denies the motions to strike as moot because with or without the challenged evidence, numerous questions of fact remain for trial.

could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.    Merits**

Although both parties initially frame the issues presented as one of contract interpretation, Dkt. 14 at 8, Dkt. 19 at 9–11, the parties fail to explicitly identify either an

ambiguous term in the contract or differing intent during formation of the contract. *See, e.g.*, *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 282 (2013) ("During interpretation, a court's primary goal is to ascertain the parties' intent at the time they executed the contract.") (citing *Berg v. Hudesman*, 115 Wn.2d 657, 663 (1990)). Instead, the parties dispute whether Specialized breached the contract when it vacated the premises. *See, e.g.*, Dkt. 14 at 11 ("Sumner Plains respectfully requests the Court to hold that [Specialized] breached the Lease by causing petroleum contamination . . ."). As to breach, "[t]he materiality of a breach, and thereby the issue of substantial performance, is a question of fact." *DC Farms, LLC v. Conagra Foods Lamb Weston, Inc.*, 179 Wn. App. 205, 221 (2014) (citing *Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 53 Wn. App. 77 (1988)). "The question of materiality depends on the circumstances of each particular case." *Id.* (citing *Vacova Co. v. Farrell*, 62 Wn. App. 386 (1991)).

Therefore, the Court concludes that Sumner Plains has moved for summary judgment on a question of fact. While judgment on a question of fact may be entered when the opposing party fails to submit admissible and relevant evidence in opposition, that is not the case here because Specialized has submitted substantial evidence to create numerous material questions of fact. For example, Specialized has submitted an expert report that contests Sumner Plains's allegations regarding the necessity of and extent of the petroleum clean up. Dkts. 21–21-2. Thus, the Court denies Sumner Plains's motion because multiple question of fact exist for the fact finder.

### III. ORDER

Therefore, it is hereby **ORDERED** that Sumner Plains's motion for partial summary judgment, Dkt. 14., is **DENIED**.

Dated this 7th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge